## W. H. CORNELIUS v. STATE.

No. A-4481.    Opinion Filed Aug. 9, 1924.
(227 Pac. 845.)

(Syllabus.)

1.  **Forgery—Falsely Impersonating Another in Signing Name to False Document.** Falsely impersonating another in signing a name to a false document is forgery, even though the perpetrator may have had authority from the person whose name he affixed to the document.

2.  **Same—False Pretenses—Facts Constituting Both Forgery and False Pretenses—Election by County Attorney on Which of Two Offenses Defendant Should Be Tried.** Under the circumstances shown one might be guilty of both forgery and false pretense. The county attorney has the right to elect for which of the two offenses he should be tried.

3.  **Same—Accused not Permitted to Show Separate Instances of Authority to Sign Name of Another.** The court committed no error, under the circumstances here, in refusing to permit the accused to show other separate instances where authority was given him to sign the name of another.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

W. H. Cornelius was convicted of forgery in the second degree, and he appeals. Affirmed.

L. A. Wallace, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. W. H. Cornelius, plaintiff in error, for convenience here denominated the defendant, was by information filed in the superior court of Okmulgee county charged, in substance, with having on the 14th day of March, 1921, uttered a forged and fraudulent written instrument, by signing the name of James Hall to a note and chattel mortgage securing the same, falsely purporting to be the acts and signatures of James Hall, with the fraudulent intent to cheat and defraud James Hall and the Henryetta State Bank.

The proof is uncontroverted that the defendant represented himself to be James Hall, and that he was the owner of the property described in the mortgage which he purported to convey to the Henryetta State Bank. The proof shows and the defendant admits that he signed the name "James Hall" to these instruments and that he (the defendant) was not the owner of any of the property described in the mortgage, the execution of which was acknowledged before a notary public, and that he did not disclose his identity to the agents of the mortgagee bank.

Defendant's defense is that his stepson, James Hall, an Indian boy 17 years of age, gave him authority to use his name in executing this note and mortgage to procure money from this bank for their joint use. The claim of the defendant in this regard was confirmed by the testimony of this

Indian boy. There was testimony tending to show that this same property, or at least the major portion of it, had been previously mortgaged to another bank by the defendant under the name of W. H. Cornelius. He does not claim that he disclosed his identity to the agents of the bank or informed them that he executed the instruments as agent for James Hall.

The defendant now claims that under this state of facts he was not guilty of forgery, but if guilty of any offense it was the offense of false pretense; that where an accused is charged with affixing the signature of another to a written instrument it is a complete defense to a charge of forgery to show that he had authority to do so. Under some circumstances this contention might be upheld. Let us consider whether that rule should apply to the facts shown here.

The record discloses that this Indian boy was under a double disability: First, he was intellectually incapable of making such contracts; and second, he was under the legal disability of minority. He was legally incapable of entering into commercial transactions except for present necessities, not in the nature of an investment or for future advantage. If this mentally immature boy, without education or business acumen, could not himself enter into a legal contract of this nature, it follows that he could not delegate this power to this defendant, or to any other person. Waiving the mental and legal disability of James Hall, and assuming that the power to make these instruments might have been delegated to the defendant, the manner of his making them by deceitfully impersonating another might still be forgery. On this feature of forgery the rule is stated in 26 C. J. 898 and 899, thus:

"An agent for some purposes may commit forgery by making or signing an instrument in disobedience of his in-

structions or in the improper exercise of his authority. Although a person is authorized to sign the name of another to certain documents, yet if he signs such name to a false document it is forgery. Falsely personating another and signing his name is forgery.''

One may, under such circumstances, be guilty of both forgery and false pretense. A person having a power of attorney, by fraudulently concealing the fact and assuming to be the principal and representing himself as such, may commit forgery by signing the name of his principal. Notes, 26 C. J. supra. The offense of forgery may exist even though the name used was an assumed name or a fictitious name, when used to perpetrate a fraud. Lyman v. State, 136 Md. 40, 109 Atl. 548, 9 A. L. R. 401, and cases annotated.

The instruction requested by the defendant on this phase of the case was properly refused. The court might, in his discretion, have instructed the jury upon that feature more fully; but a full and correct statement of the law on the point would have been detrimental to the interests of the defendant. The accused cannot take advantage of an omission in his favor.

The defendant complains that the court refused to permit him to show specific instances where he assumed to act and did act in transactions relating to the property belonging to this Indian boy. Holding, as we do, that the boy was mentally and legally incompetent to transact this kind of business for him, other instances of the assumption of such authority were not admissible. Even waiving the disability of minority and immature intelligence the deception practiced in falsely impersonating James Hall would, as before pointed out, render such testimony incompetent.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.